BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
JOHN SHIRTS, IDAHO STATE BAR NO. 9295
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN WELHAN, <br><br> Defendant. | Case No. 4:19-CR-218-DCN <br><br> **MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT[1]** |

COMES NOW the United States of America, by and through Bart M. Davis, United

States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho,

Kevin T. Maloney, and requests that this Court enter a Preliminary Order of Forfeiture.

---

[1] A Preliminary Order of Forfeiture is final as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). Thus, in many cases, a Final Order of Forfeiture is unnecessary. In some cases, the United States will seek a Final Order of Forfeiture to resolve third party interests or other issues.

MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 1

The record establishes: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture.

The Preliminary Order of Forfeiture should include, but not be limited to, the following Subject Property and any Substitute Assets.

**Subject Property:**

    a. A Western Digital hard drive, Model: WDBUZG0010BBK, SN: WX91A77264XN, made in Thailand;

    b. A Western Digital hard drive, Model: WD10EZEX, SN: WMC3F0J1C29L, made in Malaysia;

    c. A Seagate hard drive, Model: Barracuda, SN: 9VMKBHCO;

    d. A Seagate hard drive, Model: External, SN: NA84FGE;

    e. A DVD disc, no serial number; and

    f. A Samsung, Model: MZ-5PA25260/OD1, SN: S0N4NEAB402109.

**Nexus and Factual Basis for Forfeiture**

The nexus and factual basis for the forfeiture of the Subject Property is set out in sealed ECF No. 2.

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 2253, which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 2252, the Court shall order that such person shall forfeit to the United States:

> (1) any visual depiction…or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or

> received in violation of this chapter; (2) any property
> …constituting or traceable to gross profits or other proceeds
> obtained from such offense; and (3) any property...used or
> intended to be used to commit or to promote the commission of
> such offense or any property traceable to such property.

**Substitute Assets:** Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third person;

   c. Has been placed beyond the jurisdiction of the court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be subdivided without difficulty.

If the United States seeks a Final Order of Forfeiture, the United States will provide written notice to all known third parties asserting a legal interest in the above-described property and will publish notice for thirty consecutive days on www.forfeiture.gov of the Court's Preliminary Order of Forfeiture and the United States' intent to dispose of the property.

WHEREFORE, the United States respectfully requests that this Court enter judgment of criminal forfeiture by issuing the Preliminary Order of Forfeiture, forfeiting to the United States of America the interest of the above-captioned defendant(s) in the above-described property and property set out in the forfeiture allegation of the charging document.

It is further requested that this Court authorize the United States Attorney General (or a designee) to seize immediately the above-described property and subsequently to dispose of it according to law.

The United States further requests authorization, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including interrogatories and depositions, necessary: (1) to identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to § 853(n).

Pursuant to Criminal Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall be final as to the defendant, made a part of the sentence, and included in the judgment at the time of sentencing.

A proposed preliminary order of forfeiture is being submitted to the Court via email.

Respectfully submitted this 24th day of October, 2019.

        BART M. DAVIS
        UNITED STATES ATTORNEY
        By:

        */s/ Kevin T. Maloney*
        KEVIN T. MALONEY
        Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2019, the foregoing **MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s) by:

| David Parmenter<br>PO Box 700<br>Blackfoot, ID 83221<br>parlaw@gmail.com | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |
|---|---|

*/s/ Brittney Ketcherside*
Brittney Ketcherside
FSA Paralegal