DAVID N. PARMENTER, ISB #2441
NATHAN D. RIVERA, ISB # 8339
BRIANNA ROSIER, ISB #10964
Attorney at Law
53 S. Shilling
PO Box 700
Blackfoot, ID 83221
(208) 785-5618
(208)785-4858 FAX
parlaw@gmail.com

Attorney for Defendant

UNTIED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 4:19-CR-00218-DNC |
| Plaintiff, ) | |
| vs. ) | DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE OR VARIANCE |
| JOHN ANDREW WELHAN, ) | |
| Defendant. ) | |

COMES NOW the Defendant, JOHN ANDREW WELHAN, through counsel DAVID N. PARMENTER, and respectfully submits the following Sentencing Memorandum for the Court's Consideration. Mr. Welhan has been scheduled for sentencing before the Honorable David C. Nye, on November 25, 2019 in Pocatello, Idaho.

## INTRODUCTION

Pursuant to the decisions handed down by the United States Supreme Court in *U.S. v. Booker*, *U.S. v. Fanfan* (Consolidated), 543 U.S. 220 (2005), and their progeny, the sentencing guidelines are now advisory and not mandatory. The Court in its discretion may consider the sentencing guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) in fashioning an

appropriate sentence for Mr. Welhan in this case. Since *Booker*, the Supreme Court has clearly stated that 18 U.S.C. § 3553 (a) governs sentencing decisions, and that the guidelines are advisory. This Court may consider arguments that specific guideline provisions fail to properly reflect § 3553 (a) considerations, reflect unsound judgment, or that a different sentence is appropriate regardless. *Rita v. United States*, 127 S. Ct. 2456, 2465, 2468 (2007).

Although the Court must give consideration to the guidelines as one of the §3553(a) factors, it should not simply defer to policy decisions of the United States Sentencing Commission. *Rita*, 127 S. Ct. At 2463, 2465, 2468; *Gall v. United States*, 128 S. Ct. 586, 594-95 (2007). The Court may therefore impose a non-guideline sentence if it disagrees with a particular guideline on policy grounds or finds that the guideline provision itself lacks basis in empirical data or study. *Kimbrough v. United States*, 128 S. Ct. 558, 566-69, 574-75 (2007).

Mr. Welhan submits this Memorandum and Motion in order to present additional information regarding his personal characteristics in order to assist the Court in determining an appropriate and just sentence in this case.

## FACTS AND PROCEDURAL HISTORY

FAMILY.

Mr. Welhan was married to his wife, Martha Ann Welhan in 1978. He met her in San Diego, California, when studying for his doctorate there. They have resided together since that time and have two children. Mrs. Welhan has submitted a character letter, which is attached hereto. She advised that he has been a good husband and father and has always taken care of the family and has always been there for them.

Mr. Welhan is doing all he can to make the transition as easy as possible for her, putting their finances in order and making any necessary repairs to the house. Mrs. Welhan intends to

remain in the United States if and when Mr. Welhan is deported to Canada, but their marriage will remain intact.

They have two children. Manuel, because of his father, developed a love for science and is in his present profession as a result of his dad. They are close and frequently discuss advancements in science, technology, engineering, and mathematics. Manuel currently is employed as a professor at the University of Idaho.

His daughter, Lydia Claire Tamara lives in California with her husband and two children. His greatest joy are his children, a two-year-old granddaughter and an infant grandson born to Lydia in August 2019.

All of his family describes him as being an extremely positive influence in their lives, and that the instant offense has come as an extreme shock to all of them.

Everyone that knows him has talked about his wonderful characteristics, his compassion and caring for others, his generosity, and high regard that those around him maintain for him, both professionally and personally.

Everyone has been extremely shocked by his lapse in judgment which has resulted in these charges.

EDUCATION

Set forth in the report, Mr. Welhan graduated with a Bachelor of Science, with honors, in geology, from the University of Manitoba, Winnipeg Canada. In 1974, he earned a Master of Arts in geosciences from the University of Waterloo in Waterloo, Ontario Canada. In 1981, he graduated from the University of California- San Diego, with the Doctor of Philosophy (PhD) in the Scripps Institute of Oceanography. He has continued to work as a research geologist employed by the University of Idaho, working at their outreach location in Pocatello, Idaho. He

previously worked for the University of Newfoundland in earth sciences department as an assistant up to a full professor in 1984 to 1990.

### EMPLOYMENT

As indicated above, he has worked consistently throughout his life, including engaging in postdoctoral research from 1981 to 1984. He thereafter worked for the University of Newfoundland as a professor between 1984 and 1990. From 1990 to 2017, he worked for the University of Idaho as a research geologist, in cooperation with the Idaho geological survey. He worked at their outreach location in Pocatello, Idaho and retired in 2017. He just self-published his first novel and is interested in continuing his literary pursuits.

### CRIMINAL HISTORY

Mr. Welhan has no criminal history or prior record of any kind.

### ADEQUATE FINANCIAL RESOURCES

Mr. Welhan and his wife have been able to preserve some assets, which are reflected in the presentence report. He has been extremely concerned about being able to take care of his wife, in his absence, and is therefore preoccupied with preserving as much as he can for her benefit and well-being. Together, they have assets totaling a little over $1 million, in real estate, securities and bank accounts, as well as a couple of motor vehicles.

### CANADIAN CITIZENSHIP

Mr. Welhan is a citizen of Canada and became a lawful permanent resident of the United States many years ago. Given the nature of this charge, he will not be able to retain his status as a lawful permanent resident following any incarceration. As a result of the offence in question, following his release from the Bureau of Prisons, he will be removed from the United States to Canada. That, as much as anything, if not more, will be the ultimate punishment to Mr. Welhan.

He will only be able to see his wife, children, and grandchildren if they come to visit him in Canada- something that will be very unlikely, or at the very least infrequent, given the distance and expense of such travel by them.

His banishment to his birth country will be of such a consequence that Mr. Welhan is more distraught about that than any prison sentence he is required to serve.

## MOTION FOR DOWNWARD DEPARTURE AND/OR VARIANCE

The Sentencing Reform Act of 1984 provides that departure is appropriate "when there exists aggravating or mitigating circumstances of the kind, or degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). Departures are warranted when sentencing factors are outside the "heartland" of the Sentencing Guidelines and show the case to be special or unique. See Koon vs. United States, 518 U.S. 81, 95 (1996). Additionally, circumstances that may not ordinarily be relevant in determining whether a sentence should fall outside of the Guideline range may be considered by the court if "such a characteristic or circumstance is present to an unusual degree and distinguishes the case from the "heartland" of cases covered by the Guidelines." U.S. Sentencing Guidelines Section 5K.2.

Mr. Welhan would ask the court to consider his employment, age, schooling, and family background and Defendant's involvement with others, as well the circumstances of his current case, and the plea agreement that was submitted to the court.

## CIRCUMSTANCES OF CURRENT CASE

Mr. Welhan was ultimately convicted of Possession of Sexually Explicit Images of a Minor. Mr. Welhan does not object to the PSR. Mr. Welhan should be sentenced to below the guideline range, because of his higher education, lack of criminal history, steady employment and his strong family and social support.

FAMILY RELATIONSHIPS.

As noted above, Mr. Welhan is very close to his family, including his wife, children and his grandchildren.

AMENABILITY TO TREATMENT.

Mr. Welhan is amenable to treatment wherever and however it can be given, including in an incarcerated or nonincarcerated setting. All reports and indications in telling point to his willingness to undergo any and all treatment and counselling.

Based on the foregoing, and the Section 3553 factors, to the extent that the court relies on the PSR, and the impending deportation to Canada, the Defendant requests a downward departure or variance because of the above-mentioned circumstances, including the factors set forth in 18 U.S.C. Section 3553(a).

**18 U.S.C. § 3553(a) DISCUSSION AND ARGUMENT FOR A SENTENCE THAT IS SUFFICIENT BUT NOT GREATER THAN NECESSARY**

1. When sentencing an individual, the court is required to determine how best to comply with 18 U.S.C. § 3553(a)'s primary directive: to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. In making this determination, courts should consider the advisory sentencing guidelines, but must weigh all of the §3553(a) factors. *Kimbrough v. United States*, 128 S. Ct. 558, 564-565 (2007); *United States v. Booker*, 543 U.S. 220, 245 (2005). This statute requires the sentencing court to give "respectful consideration" to

the guidelines, but "permits the court to tailor the sentence in light of other statutory concerns as well." *Kimbrough*, 128 S. Ct. At 570 (citing *Booker*, 543, U.S. at 245-246); *see also Gall v. United States*, 128 S. Ct. 586, 594-596 (2007). A sentencing court is free to impose a non-guideline sentence when the case falls outside the "heartland," when the guideline range fails to reflect the §3553(a) considerations, or when a case "warrants a different sentence regardless." *Rita v. United States*, 127 S. Ct. 2465 (2007). The Guidelines Sentence in this case conflicts with the statutory directive to impose a sentence "sufficient but not greater than necessary."

2. The Guidelines do not fully implement the statutory objectives of sentencing. Rita v. United States, 127 S.Ct. 2456, 2473 (2007); (Stevens, Justice and Ginsberg, Justice concurring). Specifically, matters such as law enforcements' involvement or lack therof, and cooperation are not ordinarily considered in the Guidelines. See United States Sentencing Guidelines Manual Sections 5H1.1-6, 11 and 12. However, these are matters that Section 3553(a) authorizes the sentencing judge to consider.

3. *United States v. Booker*, authorizes a non-guidelines sentence even for grounds which do not support departure under the Guidelines. See *United States v. Menyweather*, 431, F.3d692(9th Cir. 2005).

4. Family relationships, willingness to comply with treatment and greater penalties due to immigration status are not contemplated in the statutary guidelines. Since these fall outside the "heartland" downward departure is appropriate.

Based on the circumstances, the Plea Agreement, Mr. Welhan's willingness to comply with any and all treatments, and the additional punishment because of immigration consequences Mr. Welhan respectfully requests that the court follow the plea agreement and sentencing him

pursuant to the terms outlined therein. Mr. Welhan further requests the Court to grant a variance from the guidelines.

## CONCLUSION

Because of his indelible banishment in the other factors set forth therein, counsel requests that the Court grant a variance from the guidelines, given his otherwise wonderful characteristics and other factors involved in the case, and his other positive attribute and factors not directly taken into account by the guidelines.

DATED this **22** day of November 2019.

~~DAVID N. PARMENTER~~ BRIANNA ROSIER
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the November **22** 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John Shirts, AUSA
john.shirts@usdoj.gov

~~DAVID N. PARMENTER~~ BRIANNA ROSIER
Attorney for Defendant

October 26, 2019

Dear Mr. Parmenter:

This letter is in support of Dr. John A. Welhan. It is an unsolicited character support letter.

I've known John for about 30 years. We both arrived in Pocatello in Fall 1990. John with an appointment as Research Geologist with the Idaho Geological Survey (IGS), and I as an Associate Professor of Geosciences. John's workload included participation in the ISU Geosciences Department.

Owing to our complimentary research disciplines and interests we soon engaged in various research and teaching interactions. As a result of these, and numerous related informal interactions, I got to know John well.

Over the years I came to deeply respect John as a Professional, but even more so as a decent, caring human being. John demonstrated a remarkable and rare talent for engaging his students (undergraduate and graduate) with the community and the highest professional levels of his research field. In doing this he consistently took deep personal interest in helping his students.

As an IGS employee, John's formal commitment to ISU was limited. However, he invested time and energy in helping the department in any way he could. This is particularly noteworthy because out Department has a history of investing time and energy in highly interactive, family-like engagement between students, faculty, staff and community. John's efforts in this regard were always well beyond expectations and demonstrated his depth of caring for his colleagues and students, and for the regional community.

John and I began even closer interactions about 10 years ago owing to a serendipitous interaction between our then-new research initiative in geothermal energy and related energy initiatives by regional native tribes. Tribes had secured major geothermal-related power purchase agreements with southern California. However, they required R&D technical assistance. This led to a unique development of a novel ways of integrating native culture and western science. John devoted enormous time and energy in engaging with the tribes and tribal members for this purpose. Almost all of John's work was done without regard to his personal benefit.

I understand that John may have done something unfortunate. However, I want to emphasize that that would be anomalous, and at odds with the many years of interactions I had with John.
In fact, in my long experience with John, he has impressed me as one of the finest people I have ever met.

Please feel free to contact me for elaboration of any of these comments or if you have any questions about them.

Sincerely,

*Michael McCurry*

Michael McCurry
Professor Emeritus
Department of Geosciences
Idaho State University
Pocatello, ID 83209

Email: mccumich@isu.edu
Phone: (208) 226-4514

 Gmail                                                             David Parmenter <parlaw@gmail.com>

## John Welhan
2 messages

Martha Nelson <sewartisy@hotmail.com>                                    Mon, Oct 7, 2019 at 4:45 PM
To: David Parmenter <parlaw@gmail.com>

Sent from Mail for Windows 10

Please add my statement to John's file. Thanks, Martha

Oct. 07, 2019

The Honorable David C. Nye, Chief Judge, Federal Court, Pocatello, Idaho

The following is respectfully offered for your consideration:

John and I have been married 41 years. Throughout that time, we have managed to put aside our differences to honor the commitment we made to each other so long ago. Through thick and thin our expectations of each other have been tempered with the knowledge that no one is perfect, and through God's grace we can strive to be better human beings.

I am grateful to have been a stay-at-home mom for our 2 wonderful children. Our son is teaching mathematics at the University of Idaho and our daughter is a librarian at a community college in Southern California.

During our 29 years here in Pocatello, John has worked for Idaho Geological Survey as a research scientist in ground water. He has provided for our wants and needs through his dedication to his work and the fruit of his labor. John has always taken good care of us. He has always been there for us without hesitation.

Since the beginning of this ordeal, John has been diligently putting together instructions regarding our finances and taxes that will now be my overwhelming responsibility. He has also taken care of minor home repairs as well as endless yardwork. Not to mention cleaning out the garage of accumulated stuff that bring

back family memories is no easy task. He has also gone back to attending church every Sunday.

I am of the conviction that no one is above the law, and the unintended consequences of John's misconduct are heavy to bear. I pray that the punishment for his crime will be fair and just.

May God have mercy on our souls,

Martha A. Nelson

---

**David Parmenter** <parlaw@gmail.com>  Mon, Oct 21, 2019 at 1:00 PM
To: Martha Nelson <sewartisy@hotmail.com>

Good afternoon,

Please see attached.

Thank you,
Carrie
[Quoted text hidden]

--
photo LogoGold_zps5ada1b5d.jpg

Parmenter Rivera LLP
PO Box 700
Blackfoot, ID 83221
208-785-5618
208-785-4858 FAX

 **welhan psi.pdf**
1047K